IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 27, 2017 Session

## STATE OF TENNESSEE v. ANDRE HILL

**Appeal from the Criminal Court for Knox County**
No. 90389    Steven Wayne Sword, Judge

_____

### No. E2016-02314-CCA-R3-CD

_____

The Defendant, Andre Hill, appeals the Knox County Criminal Court's revocation of his probation. On appeal, the Defendant argues that (1) the admission of a witness's statements at the revocation hearing violated his right of confrontation; and (2) the trial court abused its discretion by ordering him to serve his original sentence in confinement. Upon review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joshua Hedrick, Knoxville, Tennessee, for the Defendant, Andre Hill.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Charme Allen, District Attorney General; and Sara Keith, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On November 28, 2012, the Defendant pled guilty to the sale of a Schedule II drug. He received an effective eight-year probationary sentence after service of 180 days' incarceration. On April 17, 2013, a warrant was filed alleging that the Defendant had failed to: report to his probation officer and, therefore, submit to random drug tests; pay fees to the Supervision and Criminal Injuries fund; provide verification of a lawful occupation or work-seeking efforts; and obtain permission before changing his residence or leaving the state. The warrant alleged that the Defendant had informed an officer that he had moved to New York in March 2013. The warrant also alleged that the Defendant was arrested in Shelby County on February 11, 2013, for speeding and driving without a valid license.

On August 19, 2016, the warrant was amended to further allege that the Defendant: was arrested in West Virginia on April 28, 2013, for possession of heroin with intent to distribute; failed to inform his probation officer of this arrest; left the state on or about April 28, 2013, without his probation officer's permission; and possessed an illegal drug on or about April 28, 2013.

At the September 22, 2016 revocation hearing, Michael Bone, a probation and parole officer in Knox County, testified that he began supervising the Defendant in June or July 2016 after the violation warrant was filed. Officer Bone reviewed the Defendant's file and supervision history, which showed that the Defendant was placed on probation in 2012 and requested a transfer to Shelby County where he was a resident. The Defendant's request was granted, however, Officer Bone testified that "[the Defendant] never reported to that probation officer in Shelby County." Defense counsel objected to this statement on hearsay and Confrontation Clause grounds. The trial court overruled the objection, explaining that, "This is a violation of probation hearing. Mr. Bone is working with the Tennessee Department of Corrections, Probation and Parole. Certainly he knows if anybody's reported."

Officer Bone said that he was notified about the Defendant's absconder status when the Defendant was arrested in Knox County in 2016. The Defendant's case was then re-assigned from the Shelby County probation officer to Officer Bone, who investigated the Defendant's case and determined that an amended warrant was necessary because the Defendant had also been arrested in West Virginia. The parties stipulated that the West Virginia charges were subsequently dismissed.

Regarding his personal interactions with the Defendant, Officer Bone said that the Defendant had reported as requested but that his attitude was "somewhat dismissive of all this" and "[r]esistive . . . to, fundamentally, what . . . the conditions of probation are." Officer Bone noted that the Defendant still had not paid his court costs or found employment but that he had submitted to drug tests and tested negative. Officer Bone recommended that the Defendant's probation be revoked or, alternatively, that he be considered for enhanced probation. On cross-examination, Officer Bone agreed that the Defendant had attended several meetings while under Officer Bone's supervision. Officer Bone also acknowledged that the Defendant had provided paperwork that showed he was attempting to obtain disability assistance for an injury that he allegedly suffered in 2015.

At the conclusion of the hearing, and following the arguments of counsel, the trial court revoked the Defendant's probation. Specifically, the court found that "the [D]efendant violated his probation by changing residence and not notifying his probation officer, which is, in essence, absconding." The trial court also noted that, "Whether or

not he's . . . reporting twice a month now that he's supposed to--the thing is, . . . he didn't report for three years." Ultimately, the trial court referred the Defendant to enhanced probation and reset the revocation hearing to allow the Defendant to meet with the enhanced probation officers.

At the second hearing on November 4, 2016, the trial court was informed that the enhanced probation office rejected the Defendant from the enhanced probation program. Defense counsel represented that the rejection was primarily due to the Defendant's West Virginia heroin charge, which had been dismissed. Defense counsel asked the court not to impose a sentence of confinement, noting that the Defendant came back when his probation officer ordered him to return to Tennessee and that he had performed well since his return.

Before the trial court made its decision, the Defendant addressed the court with a prepared statement. The Defendant claimed that he had contacted the Shelby County probation office in 2012 and that he had spoken with a probation officer there multiple times. However, the Defendant said that he later "received a warning that [his] life was being sought by some guys who were planning on avenging their friend who was shot by [the Defendant] in 2009." He claimed that he left the state in 2013 to protect himself and that his "intention and actions were not deliberately toward being defiant against probation." After reading his statement, the Defendant asked the court to place him on probation again and allow him to return to Memphis because he had "more resources there in spite of the danger that may be there for [him]."

Although the trial court noted the seriousness of a death threat, the court found that the Defendant "picked the worst route [he] could have taken, and that is to try to flee from [his] obligations to this court." Additionally, the trial court noted that they had previously transferred the Defendant's probation to Memphis and that "[his] response was not to take advantage of that" by picking up additional criminal charges, not reporting to probation officers, and, subsequently, leaving the state. For these reasons, the trial court revoked the Defendant's probation and ordered the Defendant to serve the remainder of his sentence in confinement. The court then entered a written revocation order, and it is from this order that the Defendant now timely appeals.

## ANALYSIS

On appeal, the Defendant argues that the trial court erred by admitting Officer Bone's testimony. Specifically, he contends that the testimony was hearsay, that it violated the Confrontation Clause, and that Officer Bone lacked personal knowledge about his testimony. Additionally, the Defendant asserts that the trial court erred by

sentencing him to full confinement. The State responds that Officer Bone's testimony was not hearsay and that the Defendant is not entitled to a second alternative sentence.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2012). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); see State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); see also T.C.A. §§ 40-35-308, -310, -311 (2012).

The Tennessee Supreme Court has noted that "the full panoply of rights due a defendant in criminal prosecutions" do not apply to probation revocations. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993) (internal quotation marks omitted). However, the confrontation rights of a defendant, though relaxed at a probation revocation hearing, preclude the admission of hearsay evidence unless: (1) the trial court makes a finding that there is "good cause" to justify the denial of the defendant's right to confront and cross-examine adverse witnesses, and (2) there is a showing that information contained in the evidence is reliable. Id. at 409.

At the probation revocation hearing, Officer Bone testified that he had personally supervised the Defendant and that he reviewed the Defendant's probation history. Based on the Defendant's file, Officer Bone testified that the Defendant's probation had been transferred to Shelby County but that he never reported to the Shelby County office. Defense counsel continuously objected to the testimony regarding his failure to report to the Shelby County office as hearsay and a violation of the Confrontation Clause. On appeal, the Defendant contends that "[f]or Mr. Bone to testify about what transpired in Memphis is to admit evidence which must be based upon hearsay." We agree that Officer Bone's testimony regarding the Defendant's failure to report to Shelby County

- 4 -

probation was hearsay.  See Tenn. R. Evid. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").  The court did not make any specific finding of good cause to justify the denial of the Defendant's right to confront and cross-examine the adverse hearsay declarant, presumably a Shelby County probation officer assigned to the Defendant, and the State offered no explanation as to why such a witness was not presented at the hearing. As such, we conclude that the trial court erred in admitting the testimony at the hearing.

We nevertheless conclude that error in admitting the hearsay testimony was harmless beyond a reasonable doubt. See Tenn. R.Crim. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). "It is well-established that a conviction need not be reversed due to an error of constitutional dimensions as long as the State demonstrates 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" State v. Samuel A. Gribbins, No. M2005-01992-CCA-R3-CD, 2006 WL 1916811, at *6 (Tenn.Crim.App. June 14, 2006) (citing and quoting Chapman v. California, 386 U.S. 18, 34 (1967); State v. Vaughan, 144 S.W.3d 391, 409 (Tenn.Crim.App.2003)).

In this case, the evidence offered at the probation revocation hearing, excluding the hearsay testimony of Officer Bone, is sufficient to establish by a preponderance of the evidence that the Defendant violated the terms of his probation.  The record shows that the Defendant failed to pay his fees to the Supervision and Criminal Injuries fund and failed to provide verification of lawful occupation or work-seeking efforts.  Moreover, at the second revocation hearing, the Defendant admitted that he did not report to probation as required and that he left the state in 2013.  Given this proof, we conclude that the outcome would not have been different had the hearsay evidence been excluded. See Gribbins, 2006 WL 1916811, at *6; State v. Stephen E. Cline, No. M2000-01674-CCA-R3-CD, 2001 WL 1379877, at *4 (Tenn.Crim.App. Oct. 30, 2001) (both concluding that the trial courts' error in denying the defendants' confrontation rights was harmless in light of other evidence presented at the revocation hearing that supported revocation); State v. Joshua D. Jones, No. M2012-02731-CCA-R3CD, 2013 WL 5372239, at *4-5 (Tenn. Crim. App. Sept. 24, 2013) (same).  Although the Defendant argues that he should have been given an alternative sentence, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01-C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999).  Based on the record, we cannot conclude that the trial court abused its discretion in revoking the Defendant's probation

and ordering him to serve his original sentence in confinement.  Accordingly, he is not entitled to relief.

## CONCLUSION

For the reasons stated above, the judgment of the trial court is affirmed.

_____

CAMILLE R. McMULLEN, JUDGE